# John A. Jasilli, Esq.
708 Third Avenue, 6th Floor
New York, New York  10017
212-209-3819
Fax: 212-202-4376
e-mail: jjasilli@attglobal.net

January 25, 2008

**ECF**
Hon. John F. Keenan
United States Courthouse
500 Pearl St., Room 1930
New York, NY 10007

  Re:    US v Bashir
           USDC SDNY 07 Crim 777
           JAJ File No. 2590

Your Honor:

I am the attorney of record for the defendant Mr. Zahid Bashir, and am a member of the bar of this Court.  I am writing this letter in lieu of a more formal submission to the Court, with regard to the sentencing of my client.  Sentencing is scheduled for January 30, 2008.

On August 21, 2007, Mr. Bashir pled guilty before this Court to an Information asserting two counts against him: <u>Count 1</u>: Under 18 USC 1029(a)(2) that Mr. Bashir used multiple access devices issued to other individuals to wrongfully obtain things of value; and <u>Count 2</u>: Under 18 USC 1028A(a)(1) & (2) that in relation to the commission of the felonious acts in <u>Count 1</u>, Mr. Bashir improperly used a means of identification of another person.

This guilty plea was the result of a written plea agreement with the US Attorney's Office.  As noted in said agreement, and in the Pre-Sentence Report, <u>Count 2</u> carries a minimum mandatory sentence of two years of incarceration, which must run consecutively with any sentence imposed under <u>Count 1</u>.  As further set forth in the plea agreement and Pre-Sentence Report, the sentencing guidelines as to <u>Count 1</u> net out to the level of 13.  This results in a guideline range of an additional 12 - 18 months of incarceration.  This Court is now charged with the obligation of sentencing Mr. Bashir.

It is noted that in the plea agreement, departures from the sentencing guidelines are waived.  Based upon my review of the applicable law, and discussions about this case with my client, conferences with the AUSA and his investigatory team, and the Probation Department, it appears that significant mitigating circumstances do not exist which would merit a downward departure form the guidelines range, or the imposition of the minimum sentence within the guidelines range; and that a non-frivolous argument could not be made in that regard.  However it does appear that mitigating circumstances do exist which militate in favor of a lenient sentence.

Mr. Bashir informs me that he originally entered the US legally in 1993 and has remained here ever since.  He has been self-supporting as a livery cab driver.  Eventually his continued residence here

became illegal, but he remained in order to earn a living and to send money home to his family in Pakistan.  Back in the 1990's such residency here was not as controversial as it seems to have become today.

At no time, in the commission of the within crimes or otherwise, has Mr. Bashir ever caused physical harm to any person or victim.  He has had no prior or other contact with criminal justice system. As stated, he has been self-supporting and has never been a burden to society.  He has admitted his crimes, co-operated with the Government, and shows remorse.  From the Pre-Sentence Report it appears that Mr. Bashir has been a good and harmless person, except, of course, for the unfortunate events of this case.

Mr. Bashir did not conceive of or operate the within criminal enterprise. The mastermind and ringleader of this larger plan or scheme was a fellow Pakistani who posed as a co-worker of Mr. Bashir.  The ringleader, whose true identity is unknown to Mr. Bashir, blackmailed him into assisting in the wrongful acts complained of.  The ringleader lured Mr. Bashir, and apparently other similarly situated livery drivers, into his scheme by threatening to expose them to the immigration authorities, and to deportation, if they did not co-operate with him. The ringleader would make all the arrangements for Mr. Bashir (and other drivers) to procure phoney ID's and to engage in fraudulent transactions with banks, credit cards and the like.  The various participants were unknown to one another, and were kept in the dark as to the larger enterprise. It does not appear that Mr. Bashir (and the other livery drivers) derived substantial personal gain from these endeavors, even though the ringleader caused large losses to 3rd-parties, presumably with commensurate personal gain for himself alone.  Upon information and belief, the ringleader has eluded justice.

Due to his alienage, Mr. Bashir is facing deportation.  Accordingly, whatever his sentence, he is facing a harsher result than would another person similarly situated, but for the alienage issue.  In the Second Circuit, the prospect of deportation is not a ground for downward departure from the sentencing guidelines (except for harsh conditions of detainment, which is not applicable here).  See, US v Hakeem Mohammed, 315 F. Supp. 2d 354; 2003 U.S. Dist. LEXIS 10121.  However, under the circumstances the Court may see fit to exercise its discretion to impose the minimum sentence within the guidelines range, along with whatever other and further relief the Court deems proper.

In conclusion Mr. Bashir respectfully asks that the sentencing court will request New York to be the location for his incarceration, to facilitate visitation by friends and family.


Yours truly,

*John A. Jasilli, Esq.* 7506


Enc.
cc.:    Zahid Bashir
        David Andrew O'Neil,  AUSA