USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-13-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
UNITED STATES OF AMERICA,           :
                                    :   No. 07 Cr. 777 (JFK)
    - against -                     :
                                    :   **Order**
ZAHID BASHI,                        :
                                    :
        Defendant.                  :
                                    :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

The Government requests an order authorizing it to keep certain funds seized from the Defendant, Zahid Bashir, during the execution of an arrest warrant, and to apply those funds to his outstanding restitution obligation. For the reasons below, the motion is denied.

On August 21, 2007, Defendant pleaded guilty pursuant to a written plea agreement to a two-count information charging him with device access fraud and aggravated identity theft. On February 19, 2008, he was sentenced to a total of two years in prison to be followed by a three-year term of supervised release. He also was ordered to pay restitution in the amount of $88,465.32 to three financial institutions. Specifically, the Judgment of Conviction states that

> The [restitution] payments are to be paid in monthly installments of 30% of gross monthly income over the three year term of supervision to commence 30 days after he is released from custody.

This was the payment schedule agreed to by the parties in the plea agreement. Defendant currently is serving his two year prison sentence.

In a letter dated April 7, 2009, the Government informs the Court that postal inspectors from the United States Postal Service ("USPIS") had seized $1,651 in cash that it found in his Bashir's home during the execution of his arrest warrant. The Government now requests an order authorizing USPIS to deliver the seized funds to the United States Marshals Service, so that these funds may be applied to defendant's outstanding restitution obligation. The Court directed defendant's counsel of record, Mr. John A. Jasilli, Esq., to respond to the Government's application, which he did on May 11, 2009.

The Government's application is denied because the requested relief would modify the defendant's restitution order without statutory authority to do so. The seized funds are not part of defendant's "gross monthly income over [his] 3 year term of supervision" because he possesseed it prior to his arrest. Furthermore, defendant remains in custody and his obligation to make restitution payments does not commence until "30 days after he is released from custody." Therefore, the seized funds are not covered by the restitution order, the terms of which both sides agreed to in the plea agreement. Title 18 U.S.C. § 3664(k) grants a district court authority to modify the payment

schedule set forth in a restitution order upon a showing of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k); United States v. Pascucci, No. 98 cr. 278(JFK), 2009 WL 1726341, 2 (S.D.N.Y.) (S.D.N.Y. June 18, 2009). As defendant owned the seized funds prior to his arrest, the government has not shown any change in his economic circumstances. The Government cites Lavin v. United States, 991 F.2d 609, 612 (2d Cir. 2002), which held that a district court may order seized funds to be applied toward restitution at the time of sentencing. The case does not alter the statutory requirements for a post-sentencing modification of a restitution order.

Accordingly, the motion is denied. The Government is directed to turn the seized funds over to defense counsel for defendant's benefit at a time and in a manner agreed upon by the parties.

SO ORDERED.

Dated:   New York, New York
         July 13, 2009

JOHN F. KEENAN
United States District Judge

3